**Reichman v. Reichman**

*Joseph J. Fritz*, for plaintiff.
*Harry L. Rossi*, for defendant.

RUFE, J., *J.*, November 2, 1994—Plaintiff, Wayne Reichman, filed a complaint to quiet title against his former wife, defendant, Jill Reichman, relating to the premises located at 57 Meer Drive, Langhorne, Bucks County, Pennsylvania, and caused a lis pendens to be indexed against the defendant on the property in question. The parties were married in 1986 and divorced in 1990. The current complaint in equity was filed March 15, 1994.

In his complaint, plaintiff alleges that in January or February of 1993, the defendant requested a loan in the sum of $100,000. Plaintiff alleges that he agreed to the loan on the following terms:

(a) Yearly payments of interest only at the rate of 3 percent per annum;

(b) Full payment of all principal and interest upon the sale of the premises known as 57 Meer Drive, Langhorne;

(c) Payment to plaintiff of one third of all rentals received by defendant for any lease of the premises.

Plaintiff alleges that pursuant to the above terms, he delivered two checks to the defendant in the sum of $50,000 each.

In February of 1994, plaintiff alleges that he sent a promissory note to the defendant for her signature reflecting the above terms, however, defendant refused to sign the agreement.

In his prayer for relief, plaintiff requests that the defendant be enjoined from mortgaging or selling the subject premises; that the defendant be ordered to execute the note memorializing the terms of the alleged loan agreement; and that a lien be placed on the premises in the sum of $100,000 in favor of the plaintiff.

Defendant filed preliminary objections to plaintiff's complaint in the nature of a demurrer. On June 2, 1994, this court entered an order granting defendant's preliminary objections, dismissing plaintiff's complaint and striking the lis pendens. Plaintiff appeals therefrom to the Superior Court.

Preliminary objections in the nature of a demurrer admit every well-pleaded fact and all inferences reasonably deducible therefrom; it tests the legal sufficiency of the challenged complaint and will be sustained only in those cases where the pleader has clearly failed to state a claim for which relief may be granted. If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer. *Rutherfoord v. Presbyterian University Hospital*, 417 Pa. Super. 316, 612 A.2d 500 (1992).

Plaintiff brought an action to quiet title pursuant to 42 Pa.C.S. §1061. The action may be brought:

"(1) to compel an adverse party to commence an action of ejectment;

"(2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document,

obligation or deed affecting any right, lien, title or interest in land;

"(3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

"(4) to obtain possession of land sold at a judicial or tax sale."

Accepting as true all well-pleaded facts in the plaintiff's complaint, we do not believe that the plaintiff has alleged sufficient facts to sustain a cause of action under the quiet title statute. Subsections (1) and (4) are narrow in scope and inapplicable to the instant case. The former provides the mechanism for compelling one not in possession to bring an action in ejectment and the latter provides for the procedure by which to secure possession of property after a judicial sale.

Subsection (2) is likewise inapplicable. Pursuant to this section, an action to quiet title may be brought to determine the validity of any document, obligation or deed affecting any right, lien, or interest in the land. Plaintiff has failed to allege facts which establish that he has any interest in the land. Plaintiff has merely established that he made a loan to the defendant contingent upon some verbal assertions by the defendant. Plaintiff attempted to reduce to writing the verbal agreement between the parties, however, defendant refused to comply. These allegations do not give rise to an interest in the premises, nor is there any document in existence to reflect such an interest.

Plaintiff seeks to compel defendant to execute a note memorializing the terms of the verbal agreement and argues that section 1061(b)(3) is the means of achieving such action by the court. Pursuant to section 1061(b)(3),

the court can compel an adverse party to file or record any document, obligation, or deed or admit the validity of any document, obligation or deed affecting any right or interest in land. However, the court is powerless to compel such action absent an interest in the land. Plaintiff seeks to cloud defendant's title without any interest in the property or any instrument in writing reflecting such interest.

In light of the foregoing we believe plaintiff has failed to state a claim for which relief may be granted pursuant to 42 Pa.C.S. §1061. Accordingly, we dismissed plaintiff's complaint and the lis pendens was stricken.